

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARIA MEZA, | No. 13-56146 |
| Plaintiff - Appellant, | D.C. No. 8:12-cv-01777-GAF-VBK |
| v. | |
| BLADIMIR MEZA; et al., | MEMORANDUM* |
| Defendants, | |
| And | |
| MICHAEL RILEY; et al., | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Gary A. Feess, District Judge, Presiding

Submitted September 21, 2015**

Before:     REINHARDT, LEAVY, and BERZON, Circuit Judges.

---

\*     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\**     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Maria Meza appeals pro se from the district court's judgment dismissing her action alleging federal and state law violations arising out of juvenile and probate court proceedings involving her daughter. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's dismissal under Fed. R. Civ. P. 12(b)(6). *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010). We affirm.

The district court properly dismissed Meza's 42 U.S.C. §§ 1983 and 1985 claims, and Meza's state law claims for fraud by intentional misrepresentation and intentional infliction of emotional distress, because Meza failed to allege facts sufficient to state a plausible claim for relief. *See id.* at 341-42 (although pro se pleadings are to be liberally construed, a plaintiff must present factual allegations sufficient to state a plausible claim for relief); *see also Naffe v. Frey*, 789 F.3d 1030, 1035-36 (9th Cir. 2015) (outlining elements of § 1983 claim); *Doe v. Gangland Prods., Inc.*, 730 F.3d 946, 960 (9th Cir. 2013) (outlining elements of claims for intentional infliction of emotional distress and intentional misrepresentation under California law).

The district court properly dismissed Meza's claim for abuse of process because the alleged acts that constituted an abuse of process were permissible. *See* Cal. Prob. Code § 1820(b) ("If the proposed conservatee is a minor, the petition may be filed during his or her minority so that the appointment of a conservator

2                                                                13-56146

may be made effective immediately upon the minor's attaining the age of majority."); Cal. Welf. & Inst. Code § 16504.5(a) (permitting child welfare agency to obtain criminal history information under certain circumstances).

The district court properly dismissed Meza's claim for slander as barred by the litigation privilege and for failure to state a plausible claim for relief. *See* Cal. Civ. Code § 47(b); *Graham-Sult v. Clainos*, 756 F.3d 724, 741-42 (9th Cir. 2014) (discussing California's litigation privilege); *Hebbe*, 627 F.3d at 341-42.

**AFFIRMED.**